# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-11268
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALLEN GORDON HUGHES, JR.,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 2:12-CR-48-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Allen Gordon Hughes, Jr., appeals his sentence for possession with intent to distribute methamphetamine. He argues that the district court erred in applying the U.S.S.G. § 2D1.1(b)(1) enhancement based on his possession of a firearm in connection with the drug trafficking offense. We affirm.

Hughes argues that the enhancement was erroneous because the loaded firearm, found inside his luggage on the vehicle's back seat, was not in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11268

same location as the methamphetamine, which was stowed in the spare tire well of the trunk.  Hughes, however, failed to raise this argument in the district court; therefore, review is for plain error only.  *See United States v. Krout*, 66 F.3d 1420, 1434 (5th Cir. 1995).  To show plain error, Hughes must show that the error was clear or obvious and affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

For the enhancement to apply, the Government must establish a temporal and spatial relation between the weapon, the drug trafficking, and the defendant and may do so by showing that the weapon was found in the same location where the drugs were stored or where part of the transaction occurred.  *United States v. King*, 773 F.3d 48, 53 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1865 (2015).  Hughes has failed to show plain or obvious error because the undisputed facts support the inference that he possessed the firearm in connection with the methamphetamine delivery insofar as the firearm and methamphetamine were found in the vehicle, where part of the drug transaction occurred.  *See United States v. Farias*, 469 F.3d 393, 399-400 (5th Cir. 2006); *United States v. Brown*, 217 F.3d 247, 261 (5th Cir. 2000).

AFFIRMED.